UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA,
NORFOLK DIVISION

KELLY KINGEN,

                 Plaintiff,

     – against–

UHG I, LLC d/b/a UNITED HOLDING
GROUP, WEBCOLLECT, LLC d/b/a CKS
FINANCIAL, and SPIRE RECOVERY
SOLUTIONS, LLC

                 Defendant(s).

**COMPLAINT**
**JURY TRIAL DEMANDED**

COMES NOW Plaintiff, KELLY KINGEN (hereinafter "PLAINTIFF"), by and through her

attorneys, the Law Offices of Robert S. Gitmeid & Associates, PLLC, by way of Complaint against

Defendants UHG I, LLC /d/b/a United Holding Group ("UHG"), Webcollect, LLC d/b/a CKS

Financial ("CKS Financial"), and Spire Recovery Solutions, LLC ("Spire") (together,

"DEFENDANTS"), hereby allege:

1. This is an action for damages brought by an individual consumer for DEFENDANTS'
   violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter
   "FDCPA") and breach of contract. The FDCPA prohibits debt collectors from engaging in
   abusive, deceptive, and unfair collection practices.

**PARTIES**

2. PLAINTIFF, KELLY KINGEN, is an adult residing in West Branch, Michigan.

3. PLAINTIFF is a "consumer" as defined by 15 U.S.C. § 1692a(3).

4. DEFENDANT UHG is a corporation formed under the laws of the United States, with the
   principal purpose of collecting consumer debt, with its principal place of business located
   at 6400 Sheridan Dr., Ste. 138, Williamsville, NY 14221.

5. DEFENDANT CKS Financial is a corporation formed under the laws of the State of
   Virginia, with the principal purpose of collecting consumer debt, and its principal place of

business located at 505 Independence Parkway, Suite 300, Chesapeake, VA, 23320.

6.   DEFENDANT Spire is a corporation formed under the laws of the State of New York, with the principal purpose of collecting consumer debt, and its principal place of business located at 330 S. Transit St., Lockport, NY 14094.

7.   DEFENDANTS UHG, CKS Financial, and Spire are a "debt collector[s]" as defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

8.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction for any state claims contained within pursuant to 28 U.S.C. § 1367.

9.   The Court's exercise of personal jurisdiction over DEFENDANTS is valid because a substantial part of the events and omissions giving rise to PLAINTFF's claim occurred within the Court's jurisdiction.

10. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

11. On or about October 16, 2019, Recovery Management Solutions, LLC, ("Recovery Management Solutions") on behalf of DEFENDANT UHG, entered into a settlement agreement with PLAINTIFF to settle and close PLAINTIFF's Net Credit account ending in 849. A copy of the settlement agreement is attached hereto as **Exhibit A**.

12. Pursuant to the terms of the settlement agreement, PLAINTIFF was required to make twelve (12) payments beginning October 31, 2019, and on the 28th of each consecutive month thereafter, until payments total the agreed settlement balance of $2,800.00.

13. On October, 18, 2019, PLAINTIFF's debt settlement representative called Recovery Management Solutions and a provided bank name, routing number, an account number, dates, dollar amounts, and preauthorization for all twelve (12) payments to be made pursuant to the agreement. This is memorialized in a recording dated October 18, 2019.

14. Pursuant to the settlement agreement, PLAINTIFF made eight (8) monthly payments

totaling $1,800.00, between October 31, 2019 and May 28, 2020. Proof of payment is attached hereto as **Exhibit B**.

15. On September 28, 2020, a representative of Recovery Management Solutions called PLAINTIFF's debt settlement representative and informed that PLAINTIFF's account had been recalled back to UHG on June 28, 2020.

16. On October 6, 2020, PLAINTIFF's debt settlement representative called Recovery Management Solutions and was informed that this account had been recalled to DEFENDANT UHG. The same day, PLAINTIFF's debt settlement representative called DEFENDANT UHG regarding PLAINTIFF's account and was directed to contact DEFENDANT CKS Financial. The same day, PLAINTIFF's debt settlement representative called DEFENDANT CKS Financial but was unable to speak with a representative.

17. On October 14, 2020, PLAINTIFF's debt settlement representative called DEFENDANT CKS Financial, and again was unable to speak with a representative. The same day, PLAINTIFF's debt settlement representative emailed DEFENDANT CKS Financial to inquire if the original settlement would be honored.

18. On October 20, 2020, PLAINTIFF's debt settlement representative again called DEFENDNAT CKS Financial, and again was unable to speak with a representative. The same day, PLAINTIFF's debt settlement representative emailed DEFENDANT CKS Financial to inquire if the original settlement would be honored.

19. On or about October 21, 2020, CKS Financial responded to the inquiry stating that DEFENDANT CKS Financial would not honor the original settlement agreement. DEFENDANT CKS Financial further informed that the current balance on PLAINTIFF's account is $5,187.77. DEFENDANT CKS Financial then attempted to renegotiate this account with offers of $2,335 in twelve (12) monthly payments or $2,075.00 in one (1) payment. The aforementioned emails are attached hereto as **Exhibit C**.

20. Between November 19, 2020 and April 13, 2021, PLAINTIFF's debt settlement

representative called DEFENDNAT CKS Financial five (5) times and was unable to speak a representative.

21. On April 13, 2021, PLAINTIFF's debt settlement representative called DEFENDANT UHG and was informed that this account has been placed with DEFENDANT Spire.

22. On April 13, 2021, PLAINTIFF's debt settlement representative called DEFENDANT Spire. A DEFENDANT Spire representative informed that they would not honor the original settlement agreement. The DEFENDANT Spire representative further informed that the current balance on the account is $5,187.77. The DEFENDANT Spire representative then attempted to renegotiate this account for $3,631.43 in one (1) lump sum payment.

23. On May 16, 2021, PLAINTIFF's debt settlement representative called DEFENDANT Spire and was informed that this account had been recalled back to DEFENDANT UHG. Between May 26, 2021, and June 21, 2021, PLAINTIFF's debt settlement representative called DEFENDANT UHG four (4) times and left one (1) voicemails. UHG has yet to respond to these communications.

24. On or about July 26, 2021, counsel for PLAINTIFF sent a demand letter to DEFENDANTS UHG, CKS Financial, and Spire in an effort to amicably resolve this matter and avoid unnecessary litigation. At no point thereafter have any DEFENDANTS responded. The demand letter is attached hereto as **Exhibit D**.

25. On September 20, 2021 counsel for PLAINTIFF sent a second demand letter to DEFENDANTS UHG, CKS Financial, and Spire in an effort to amicably resolve this matter and avoid unnecessary litigation. At no point thereafter have any DEFENDANTS responded. The demand letter is attached hereto as **Exhibit E**.

26. At all times pertinent hereto, DEFENDANTS acted by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the DEFENDANTS herein.

27. At all times pertinent hereto, the conduct of DEFENDANTS, as well as that of their agents,

servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## COUNT 1

### (Violation of the FDCPA)

28. PLAINTIFF reasserts and incorporates herein by reference all facts and allegations set forth above.

29. The above contacts between DEFENDANTS UHG, CKS Financial, and Spire with PLAINTIFF constitute "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

30. FDCPA 15 U.S.C. § 1692(f) prohibits the use of unfair or unconscionable practices to collect a debt, including collection of any amount not authorized by the contract or law. FDCPA 15 U.S.C. § 1692e(2)(a) prohibits the false representation of the character, amount, or legal status of any debt. FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

31. DEFENDANT UHG engaged in abusive, deceptive, and unfair collection practices where UHG's agents failed to honor the valid settlement agreement made between PLAINTIFF and Recovery Management Solutions on DEFENDANT UHG's behalf.

32. DEFENDANT CKS Financial engaged in abusive, deceptive, and unfair collection practices where DEFENDANT CKS Financial failed to honor the valid settlement agreement made between PLAINTIFF and Recovery Management Solutions on DEFENDANT UHG's behalf.

33. DEFENDANT Spire engaged in abusive, deceptive, and unfair collection practices where DEFENDANT Spire failed to honor the valid settlement agreement made between PLAINTIFF and Recovery Management Solutions on DEFENDANT UHG's behalf.

34. DEFENDANT CKS Financial violated the above provisions where DEFENDANT CKS Financial misrepresented the status of the account to PLAINTIFF on October 21, 2020, when they stated the settlement agreement was void.

35. DEFENDANT Spire violated the above provisions where DEFENDANT Spire misrepresented the status of the account to PLAINTIFF on April 13, 2021, when they stated the settlement agreement was void

36. DEFENDANT UHG violated the above provisions when their agents, DEFENDANTS CKS Financial and Spire, misrepresented the status of the account when they communicated to PLAINTIFF that the settlement agreement was void.

37. DEFENDANT CKS Financial violated the above provisions where DEFENDANT CKS Financial misrepresented the debt amount and when DEFENDANT CKS Financial communicated to PLAINTIFF on or about October 21, 2020 that PLAINTIFF's settled account required renegotiation.

38. DEFENDANT Spire violated the above provisions where DEFENDANT Spire misrepresented the debt amount when DEFENDANT Spire communicated to PLAINTIFF on April 13, 2021 that PLAINTIFF's settled account required renegotiation.

39. DEFENDANT UHG violated the above provisions where their agents, DEFENDANTS CKS Financial and Spire, misrepresented the debt amount when they communicated to PLAINTIFF that PLANTIFF's settled account required renegotiation.

40. Further, DEFENDANT CKS Financial violated the above provisions when they misrepresented the debt amount as $5,187.77 on October 21, 2020.

41. DEFENDNAT Spire likewise violated the above provisions when they misrepresented the debt amount as $5,187.77 on April 13, 2021.

42. DEFENDAT UHG violated the above provisions when their agents, DEFENDANTS CKS Financial and Spire, misrepresented the debt amount as $5,187.77 on October 21, 2020 and April 13, 2021 respectively.

43. DEFENDANTS UHG, CKS Financial, and Spire violated the above provisions when they unfairly failed to accept the remaining payments as per the terms of the settlement agreement.

44. DEFENDANT UHG violated the above provisions when DEFENDANT unfairly recalled

the account from Recovery Management Solutions on June 28, 2020, without notice to

PLAINTIFF thereby misleading PLAINTIFF and making it impossible for PLAINTIFF to

make payments per the terms of the settlement agreement.

45. DEFENDANTS UHG, CKS Financial, and Spire knew or should have known that their

actions violated the FDCPA. Additionally, DEFENDANTS UHG, CKS Financial, and

Spire could have taken the steps necessary to bring their actions within compliance of the

FDCPA but neglected to do so and failed  to adequately review their actions to ensure

compliance with said laws.

46. As a result of the above violation of the FDCPA, DEFENDANTS UHG, CKS Financial,

and Spire are liable to PLAINTIFF for actual damages, statutory damages, attorney's fees,

and costs.

## COUNT 2

(Breach of Contract)

47. PLAINTIFF reasserts and incorporates herein by reference all facts and allegations set

forth above.

48. On or about October 16, 2029, DEFENDANT UHG entered into a settlement agreement

with PLAINTIFF via their agent Recovery Management Solutions, to settle and close

PLAINTIFF'S Net Credit account ending in 849.

49. Pursuant to the terms of the settlement agreement, PLAINTIFF was required to make

twelve (12) payments for a total of $2,800.00.

50. Pursuant to the settlement agreement, PLAINTIFF made eight (8) payments totaling

$1,800.00, between October 31, 2019, and May 28, 2020.

51. On information and belief DEFENDANT UHG twice reassigned this debt for collection

despite a valid settlement in place; once to CKS Financial and once to Spire.

52. Neither DEFEDANTS CKS Financial nor Spire honored the valid settlement agreement.

53. Further, DEFENDANTS CKS Financial and Spire stated the agreement was void and

attempted to renegotiate said agreement.

54. DEFENDANT UHG's actions constitute breach of contract where DEFENDANT UHG

    failed to honor the valid settlement agreement.

55. Additionally, DEFENDANT UHG's actions constitute breach of contract where

    DEFENDANT UHG's agents, DEFENDANTS CKS Financial and Spire, attempted to

    renegotiate on PLAINTIFF'S settled Net Credit account ending in 849.

56. As a result of DEFENDANT UHG's breach of contract, PLAINTIFF has suffered actual

    and monetary damages.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF demands that judgment be entered against DEFENDANTS as follows:

1) That judgment be entered against DEFENDANTS UHGS, CKS Financial, and Spire for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2) That judgment be entered against DEFENDANTS UHGS, CKS Financial, and Spire for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1962k(a)(3);

4) That judgment be entered against DEFENDANT UHG for actual and monetary damages accrued by PLAINTIFF as a result of DEFENDANT UHG's breach of contract;

5) That the Court grant such other and further relief as may be just and proper.

Respectfully Submitted, this the 14th day of October, 2021.

**Kelly Kingen**

/s/ J Andrew Shuniak
J Andrew Shuniak, Esq., Bar No.: 93770
Associate Attorney
Law Offices of Robert S. Gitmeid & Assoc., PLLC

Local Address:
1516 N. 29th Street,
Richmond, Virginia 23223
Tel: (571) 201-9021 Fax: (877) 366-4747
jandrew.s@gitmeidlaw.com
*Counsel for Plaintiff*